VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 25-ENV-00066



| Tyler Bridge Road Permit Amendment Application |
| --- |

**ENTRY ORDER**

Title:          Motion for Party Status

Filed:          December 8, 2025

Filed By:     Pietro J. Lynn, attorney for Appellant

Applicant's Opposition to Appellant's Motion for Party Status, filed December 19, 2025, by John M. Mazzuchi, attorney for Applicant

Appellant's Reply in Support of Motion for Party Status, filed January 2, 2026, by Pietro J. Lynn

**The motion is GRANTED IN PART.**

This is an appeal by Theodore Palmer (Appellant or Mr. Palmer) of a decision of the Act 250 District #9 Environmental Commission's (District Commission) denial of his request for party status and a public hearing on an Act 250 amendment application (#9A0196-2). The revised application seeks approval for the construction of a ±2,000 square-foot, single-story duplex building (with two bedrooms per unit) on an undeveloped ±116-acre tract of land located off Turkey Lane in Monkton, Vermont, ±0.7 miles north of the intersection with Tyler Bridge Road (the Property).[1] By Entry Order issued November 24, 2025, this Court denied Doyle-Burr Farm, LLC's (Applicant) motion to dismiss and gave Applicant 14 days to file a motion asserting his claim of party status. Applicant's motion for party status was timely filed. Appellant has moved for party status pursuant to 10 V.S.A. § 8504(d)(1)(B) and 10 V.S.A. § 6085(c)(1)(E).

The Legislature has authorized any "person aggrieved" by an act or decision of a District Commission to appeal to this Court within 30 days of the act or decision. 10 V.S.A. § 8504(a). A "person aggrieved" is statutorily defined as "a person who <u>alleges</u> an injury to a particularized interest protected by the provisions of law listed in section 8503 of this title, attributable to an act or decision

---

[1] The original amendment application proposed a ±2,500 square-foot, 4-bedroom single-family residence on the Property.

by a district coordinator, District Commission, the Secretary, or the Environmental Division that can be redressed by the Environmental Division or the Supreme Court." 10 V.S.A. § 8502(7) (emphasis added); see In re Snowstone LLC Stormwater Discharge Authorization, 2021 VT 36, ¶¶17–19 (citations omitted) (interpreting the quantum of evidence required to establish statutory standing under § 8504 in light of the definition of "person aggrieved"). A "particularized interest" for the purposes of § 8504(a)—similar to "particularized interest"-based standing in Act 250 cases under 10 V.S.A. § 6085(c)(1)(E)—is "an interest that sets the interests of the would-be party apart from the general interests of others." Snowstone, 2021 VT 36, ¶ 16. As the language of § 8502(7) suggests, "statutory standing under § 8504(a) may be predicated on allegations, and the showing required to establish statutory standing under § 8504(a) is minimal." Id. at ¶ 15. Allegations describing a "reasonable possibility of injury" exceed § 8504(a)'s evidentiary threshold. Id.

Typically in the Act 250 context, the involved District Commission must first grant the aggrieved person party status under specified Act 250 criteria.[2] 10 V.S.A. § 8504(d)(1). Any subsequent appeal by a person aggrieved is then limited to those criteria under which the District Commission granted party status. Id. However, "notwithstanding these limitations [of § 8504(d)(1)], an aggrieved person may appeal an act or decision of the District Commission if . . . [this Court] determines that: . . . (B) the decision being appealed from is the grant or denial of party status." Id. at § 8504(d)(1)(B).

Here, is undisputed that: (1) the District Commission reviewed the Act 250 amendment application at issue as a minor application under Act 250 Rule 51; (2) Appellant functionally sought both party status and a hearing before the District Commission; and (3) the District Commission ruled upon and denied both of Appellant's requests.[3] Thus, the Court concludes that the decision being appealed from is the denial of party status that may be properly appealed to the Environmental Division under § 8504(d)(1)(B), notwithstanding the limitations of § 8504(d)(1), assuming Appellant otherwise qualifies as an aggrieved person.

In this case, Appellant has alleged possible injuries from Applicant's project that are personal to him (and not interests of the public generally). Further, these possible injuries are both

---

[2] This status must thereafter be exercised through participation before the District Commission and retained at the end of the District Commission's proceedings. Id.

[3] Specifically, the District Commission reviewed Mr. Palmer's request for party status and a public hearing and concluded that he had not established a "particularized interest" under any of the requested Act 250 criteria. Accordingly, the District Commission denied his request for party status and his request for a public hearing and issued the permit amendment as a minor application.

"nonfrivolous" and "not entirely speculative." Snowstone, 2021 VT 36, ¶ 17. For instance, he alleges that:

> (1)  the proposed development application indicates that there will be water run-off into a tributary of Otter Creek and yet there is no corresponding indication in the application that the wastewater system will be designed to prevent any pollution, which will directly and negatively impact [him] . . . as an adjoining landowner whose land receives drainage from the project tract;
> (2)  the application's proposed driveway would intersect Turkey Lane with potentially unsafe sightlines, which will directly and negatively impact him personally because he uses this portion of the road on a daily basis to access his home;
> (3)  the proposed development would disrupt a robust and scenic wildlife habitat, and the proposed duplex would adversely affect the scenic beauty of the area as viewed from his property; and
> (4)  the application proposes that the duplex be constructed on agricultural land whose location would make it difficult or impossible for Mr. Palmer to continue agricultural operations on the remainder of his property due to the project's impact on forestry and soil.

Appellant's Motion for Party Status at 3 (emphasis added). These allegations correspond to Act 250 Criteria 1, 5, 8 and 9(B), respectively, and are adequate to establish a particularized interest—and aggrieved person status—under § 8504(a).

Under 10 V.S.A. § 6085(c)(1)(E), "any adjoining property owner or other person who has a particularized interest protected by . . . chapter [151 of Title 10] that may be affected by an act or decision of a District Commission" shall be entitled to party status in proceedings before the District Commission. 10 V.S.A. § 6085(c)(1)(E). In Snowstone, the Vermont Supreme Court noted that "the standard for establishing standing to appeal under § 8504(a) may not be the same as that for establishing standing to challenge an Act 250 permit as a person with a particularized interest." 2021 VT 36, ¶ 17, n. 5. While correctly stating that § 6085 "includes a detailed set of requirements for a person seeking party status on the basis of a 'particularized interest," the Supreme Court further observed that this Court "has interpreted § 6085(c)(1)(E) to require that a person seeking aggrieved-party status in an Act 250 proceeding before a district commission need only demonstrate a 'reasonable possibility' that their particularized interest may be affected." Id. (citing In re Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip. op. at 9-10 (Vt. Super. Ct. Envtl. Div. Apr. 24, 2014) (Walsh, J.)). Ultimately, the Vermont Supreme Court concluded that it "need not decide whether 'reasonable possibility' is the proper standard under Act 250." Id.

The Court continues to apply the Bennington Wal-Mart standard. As noted above, under § 6085(c)(1)(E), "[a]ny adjoining property owner or other person who has a particularized interest protected by [Act 250] that may be affected by an act or decision by a district commission" is entitled to party status. 10 V.S.A. § 6085(c)(1)(E) (emphasis added). Thus, a person seeking party status under this section must allege, by way of a petition consistent with 10 V.S.A. § 6085(c)(2)(A)-(D), a "specified interest protected by Act 250 that is particular to them, not a general policy concern shared by the general public." Bennington Wal-Mart, No. 158-10-11 Vtec, slip. op. at 9 (Apr. 24, 2012) (Walsh, J.). However, to show that their particularized interest "may be affected by an act or decision of a district commission," a person seeking party status under Act 250 is not required to prove that a decision regarding the proposed project will affect their particularized interests, only that it "may." In using "may," the statute is permissive and indicates possibility not exactitude. See Black's Law Dictionary (12th ed. 2024) (defining "may" in relevant part as: "1) To be permitted; 2) To be a possibility . . . ."). Therefore, the Court concludes that the standard for obtaining party status under 10 V.S.A. § 6085(c)(1)(E) is a showing of a reasonable possibility that a decision on the proposed project may affect a person's particularized interest.[4] Id. at 10, n.5. We continue to reject the application of any "heightened evidentiary standard, more akin to a merits review" when considering a party's standing under § 6085(c)(1)(E). Id..

In this case, the District Commission found that Appellant is an adjoining landowner within the meaning of 10 V.S.A. § 6085(c)(1)(E), but it concluded—with limited findings or analysis—that "'particularized interest' has not been established under any of the requested Act 250 Criteria." Appellant's Notice of Appeal, Ex. 1 at 2. Thus, it denied Appellant's party status request under all requested criteria, as well as his request for a hearing. For the reasons discussed above, the Court concludes that Appellant has adequately articulated particularized interests (i.e., interests protected by Act 250 that are personal to him) under Criteria 1, 5, 8 and 9(B).

Having concluded that Appellant failed to establish any particularized interests, the District Commission did not determine whether he had shown a reasonable possibility that the proposed project may affect such interests. While this Court could potentially resolve this issue under its de novo hearing standard described in 10 V.S.A. § 8504(h), we believe that the better practice is to remand

[4] An appellant must also provide an offer of proof that shows how the particularized interests they allege may be affected by the issuance of the Act 250 permit. In other words, they must refer to evidence that demonstrates a non-speculative causal connection between the proposed project and the particularized interests they claim are protected by the criteria in question. Bennington Wal-Mart Demolition/Const. Permit, No. 158-10-11 Vtec, slip. op. at 9 (quoting In re Pion Sand & Gravel Pit, No. 245-12-09 Vtec, slip op. at 7 (Vt. Super. Ct. Envtl. Div. Jul. 2, 2010) (Durkin, J.).

this matter to the District Commission. Through this remand, the District Commission may consider in the first instance whether Appellant has shown a reasonable possibility that the proposed project may affect his particularized interests (as those interests were found by the Court above), including consideration of any supplemental petition for party status or further offer of proof Appellant may provide. If the District Commission ultimately concludes that Appellant has shown a reasonable possibility that his particularized interests may be affected by the proposed project (and, presumably, that "substantive issues have been raised" under Act 250 Rule 51(D)), then it should grant his party status request, notice the application for a hearing and conduct such a hearing on the merits of Appellant's claims. See 10 V.S.A. § 6084(e)(2) (setting forth the process to hold a hearing on a matter initially noticed as a minor); see also Act 250 Rules, Rule 51(D) (setting forth the factors for consideration and process to hold a hearing in the context of a minor permit application).

Accordingly, for all the foregoing reasons, Appellant's motion for party status is **GRANTED IN PART** (as to his particularized interests) and **REMANDED** to the District Commission for further proceedings consistent with this decision.


Electronically signed on January 8, 2026, pursuant to V.R.E.F. 9(d).


Joseph S. McLean
Superior Court Judge
Environmental Division